**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **ROBERT ANDREW REED, #233-999**, | * |
| Plaintiff | |
| | * |
| v. | CIVIL ACTION NO. PJM-05-1048 |
| | * |
| **HONORABLE WILLIAM D. MISSOURI, et al.**, | * |
| Defendants | |

******

**MEMORANDUM**

Plaintiff brings this pro se action against William D. Missouri, Michael P. Whalen and James J. Lombardi, judges of the Circuit Court for Prince George's County, Maryland. He asserts jurisdiction under 42 U.S.C. § 1983. Mr. Reed complains that the named judges have failed to rule on various motions he has filed in state court concerning his state criminal conviction. Paper No. 1. Plaintiff has filed a Motion for Leave to Proceed in Forma Pauperis, which shall be granted.

Upon review of his Complaint, however, the Court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995).

The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. *Stump v. Sparkman*, 435 U.S. 349 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and

without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991), *quoting Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983. *Stump*, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial," and whether at the time the challenged action was taken, the judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id.* at 356-57.

A review of Plaintiff's allegations against Defendants does not compel the conclusion that Defendants acted in clear absence of jurisdiction. Rather, Plaintiff's lawsuit is exactly the type of action that the *Pierson* Court recognized as necessitating the doctrine of judicial immunity. In apparent disagreement with the lack of speed in which his post judgment motions have been handled, Plaintiff has turned to this forum to assert allegations of unconstitutional acts against state court judges. Because judicial immunity precludes the Plaintiff's recovery against Defendants, sua sponte dismissal of Plaintiff's claims against Defendants is appropriate.

To the extent that Plaintiff wishes this Court to Order Defendants to act on his pending state court motions, the action lies in the nature of a writ of mandamus. *See* 28 U.S.C. § 1361. Federal district

courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. This court, however, has no mandamus jurisdiction over state employees and cannot compel Maryland state court judges to rule on Plaintiff's pending motions. *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 586-87 (4th Cir. 1969).

     A separate Order shall be entered reflecting the ruling set forth herein.

   4/27/05                                                        /s/
    Date                                             PETER J. MESSITTE
                                                      UNITED STATES DISTRICT JUDGE